IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03320-REB-MEH

PENELOPE THOME, and
DENNIS W. THOME,

    Plaintiffs,

v.

ALAN L. COOK, Chair of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
SUSAN L. GARCIA Vice Chair of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
STEPHEN G. SMITH, Member of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
SHERRY GILES, Member of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
CHARLES KNOECKEL, Member of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
JILL VITALE, Member of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
MARK MERRILL, Section Director for Alan Cook, Chair of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
CARLOTTE D. KNOX, Program Director of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
COLORADO DEPARTMENT OF REGULATORY AGENCIES,
BARBARA J. KELLY, Executive Director, Colorado Department of Regulatory Agencies, in her individual and official capacities,
ROSEMARY MCCOOL, Director of the Division of Registration of the Colorado Department of Regulatory Agencies, in her individual and official capacities,
COLORADO ATTORNEY GENERAL'S OFFICE, State of Colorado,
JOHN SUTHERS, Attorney General of the State of Colorado, in his individual and official capacities, and
LAURIE ROTTERSMAN, Assistant Attorney General of the State of Colorado, in her individual and official capacities,

    Defendants.

## ORDER GRANTING STAY OF DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendants' Motion to Stay Discovery Pending Determination of

Eleventh Amendment, Absolute and Qualified Immunities [filed March 9. 2012; docket #20]. The motion is referred to this Court for disposition. (Docket #21.) The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court **GRANTS** the motion to stay discovery.

I.     **Background**

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution. (Docket #1 at 2.) The Defendants[1] responded to Plaintiffs' Complaint with a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) claiming, among other defenses, entitlement to Eleventh Amendment, absolute and qualified immunities. (*See* docket #10). Three days after the Court entered a Scheduling Order in this case, the Defendants filed the present motion requesting that discovery be stayed pending resolution of the immunity defenses and jurisdictional challenges stated in their motion to dismiss.

II.    **Discussion**

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at

---

[1]Apparently, there was some question as to whether Defendant Leslie Taylor had been served and/or was represented in this action. However, the issue has become moot as a result of Judge Blackburn's April 5, 2012 order dismissing Ms. Taylor as a Defendant in this action. Docket #32.

643.  Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment.  *Id*. at 643-44.

Defendants assert their entitlement to absolute and qualified immunities, in addition to other threshold jurisdictional challenges, in the motion to dismiss.  Plaintiffs sue each of the Defendants in their official and individual capacities; however, Defendants' immunity defenses are raised with respect to both capacities.  Plaintiffs seek money damages and they do not include a request for injunctive relief in the Complaint.  (*See* Complaint, docket #1, ¶ 6 and at 30-31.)  The case is still in the early stages of the litigation; Defendants responded to Plaintiffs' original Complaint with the pending motion to dismiss that could fully dispose of Plaintiffs' claims before engaging the discovery process.

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket.  *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending);  *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question)*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

Considering the early filing of the motion to dismiss premised on several immunity defenses challenging the jurisdiction of this court, and that the suit is filed for money damages only, the Court finds that the circumstances evaluated in *Rome* are inapplicable to the case at hand.  Because

3

Defendants' motion to dismiss raises legal questions challenging this Courts jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534.  Moreover, the Court finds that allowing discovery to continue in this matter against the government defendants would not serve the interests of judicial economy and efficiency.  Plaintiffs' arguments concerning whether Defendants are entitled to immunity are inapplicable to the analysis herein, but are more appropriately asserted in response to the motion to dismiss.  Therefore, in light of the governing case law, the Court concludes that a temporary stay of discovery as to all Defendants is appropriate in this matter, pending resolution of the motion to dismiss.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery Pending Determination of Eleventh Amendment, Absolute and Qualified Immunities [filed March 9. 2012; docket #20] is **granted**.  Discovery as to all defendants is stayed temporarily pending resolution of the motion to dismiss.  The parties shall file a status report within *three business days* of receiving a ruling on the motion to dismiss, indicating what scheduling, if any, is needed.

Entered and dated at Denver, Colorado, this 9th day of April, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge