IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03320-REB-MEH

PENELOPE THOME, and
DENNIS W. THOME,

    Plaintiffs,

v.

ALAN L. COOK, Chair of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
SUSAN L. GARCIA Vice Chair of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
STEPHEN G. SMITH, Member of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
SHERRY GILES, Member of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
CHARLES KNOECKEL, Member of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
JILL VITALE, Member of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
MARK MERRILL, Section Director for Alan Cook, Chair of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
CARLOTTE D. KNOX, Program Director of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
COLORADO DEPARTMENT OF REGULATORY AGENCIES,
BARBARA J. KELLY, Executive Director, Colorado Department of Regulatory Agencies, in her individual and official capacities,
ROSEMARY MCCOOL, Director of the Division of Registration of the Colorado Department of Regulatory Agencies, in her individual and official capacities,
COLORADO ATTORNEY GENERAL'S OFFICE, State of Colorado,
JOHN SUTHERS, Attorney General of the State of Colorado, in his individual and official capacities, and
LAURIE ROTTERSMAN, Assistant Attorney General of the State of Colorado, in her individual and official capacities,

    Defendants.

**ORDER**

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendants' Motion to Strike Doc. Nos. 25, 26, 27, 28 and Exhibits

Pursuant to Fed. R. Civ. P. 12(f) [filed April 20. 2012; docket #39]. The motion is referred to this Court for disposition. (Docket #40.) The motion is fully briefed, and the Court heard oral argument on May 1, 2012. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** the motion to strike.

## I.     Background

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution. (Docket #1 at 2.) The Defendants responded to Plaintiffs' Complaint with a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) claiming, among other defenses, entitlement to Eleventh Amendment, absolute and qualified immunities. (*See* docket #10).

In the present motion, Defendants contend that Plaintiffs' counsel has improperly accused them of interfering with service of process on Defendant Leslie Taylor, a former member of the Colorado Board of Licensed Professional Counselor Examiners, and has unlawfully contacted Ms. Taylor, during which time she was purportedly represented as a member of the Board, in violation of Colorado Rule of Professional Conduct (RPC) 4.2. Further, Defendants argue that Plaintiffs' counsel improperly procured Ms. Taylor's affidavit in exchange for her dismissal from this action. Additionally, Defendants assert that Plaintiffs improperly attempted to contact Department of Regulatory Agency (DORA) Policy Analyst, Saul Larson, through Plaintiffs' own consultant, Amos Martinez, a former DORA Program Director, in violation of Colorado RPC 4.2 and 8.4(a). Finally, Defendants claim that portions of Ms. Taylor's affidavit contain confidential information protected by the attorney-client privilege or Colorado's open meeting laws. Defendants seek an order striking the documents found at dockets #25, #26, #27, and #28 and all attached exhibits, including the Affidavit of Leslie Taylor; barring the Plaintiffs and their counsel from utilizing information obtained from Ms. Taylor and from contacting any former or current Board members or DORA staff

with respect to this litigation; and award attorney's fees against the Plaintiffs' counsel.

Plaintiffs' counsel counters that defense counsel knew he would be contacting Ms. Taylor to confirm her identity and whereabouts. He also argues RPC 4.2 does not apply since he did not contact Ms. Taylor to discuss the 'subject of the representation,' and since Ms. Taylor informed him she was not represented by the Colorado Attorney General's office (AGO) and never would be. Plaintiffs' counsel also states that, once he confirmed Ms. Taylor, he referred her to another attorney, Jerre Dixon, who then provided Ms. Taylor's affidavit for use in this litigation. According to Plaintiffs, they are always willing to dismiss any Defendant who was against or abstained from unconstitutionally sanctioning them. Furthermore, Plaintiffs believe Defendants knew about Ms. Taylor's potentially favorable testimony and tried to keep Plaintiffs from finding her.

Defendants reply that Plaintiffs' own attachments belie the idea that Plaintiffs spoke with Ms. Taylor only to confirm her identity. Further, Defendants assert that defense counsel spoke with Ms. Taylor's attorney, Jerre Dixon, on March 22, 2012, who confirmed that he had been only recently retained to assist Ms. Taylor with an affidavit following her discussions with Plaintiffs' counsel.

The Court heard oral argument on May 1, 2012. In response to the Court's question concerning Ms. Taylor's representation by the AGO, defense counsel conceded that Ms. Taylor has not accepted the AGO's representation for this litigation. However, in support of Defendants' argument that Plaintiffs improperly attempted to contact Mr. Larsen and his supervisor, Bruce Harrellson, Office Director, defense counsel played a recording of a voicemail message left for Mr. Harrelson by Amos Martinez, Plaintiffs' agent. Plaintiffs did not dispute the authenticity of the recording. In the message, Mr. Martinez informs Mr. Harrellson that "we" are intending to subpoena Mr. Larsen for a deposition "in the Thome case" and asks to discuss the matter with Mr. Harrellson.

**II.     Discussion**

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.,* No. 07–cv–01514–WDM–BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.,* 605 F. Supp. 1064, 1085 (D. Colo.1985)). Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1380 (3d ed. 2011).

As described above, the Defendants seek an order striking certain documents filed by the Plaintiffs, purportedly containing information provided by former Defendant Leslie Taylor, as a sanction for the Plaintiffs' counsel's alleged violations of Colorado's ethical rules.

As is applicable here, the District of Colorado has taken as its own the Colorado Rules of Professional Conduct adopted by the Colorado Supreme Court on April 12, 2007. *See* D.C. Colo. LCivR 83.4. Rule 4.2 of the Colorado Rules of Professional Conduct (RPC) provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or by a court order.

Here, the Plaintiffs dispute that Ms. Taylor was, or has ever been, represented by the AGO in this litigation. Comment [1] to RPC 4.2 speaks in part to this issue and provides:

> This Rule contributes to the proper functioning of the legal system by ***protecting a person who has chosen to be represented*** by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship and the uncounselled disclosure of information relating to the representation.

4

(Emphasis added.)  To the extent that Ms. Taylor was unrepresented in this litigation, Plaintiffs' counsel's obligation concerning his communications with her arises under RPC 4.3, which provides:

> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such person are or have a reasonable possibility of being in conflict with the interests of the client.

With respect to the Plaintiffs' attempted contact with DORA personnel Larsen and Harrellson, Defendants contend that Plaintiffs' counsel violated RPC 4.2 and 8.4(a).  Rule 8.4(a) provides,

> It is professional misconduct for a lawyer to:
>
> (a) violate or attempt to violate the Rules of Professional Conduct, ***knowingly assist or induce another to do so***, or do so through the acts of another;

(emphasis added).

First, with respect to former Defendant Leslie Taylor, and as noted at the hearing, defense counsel conceded that Ms. Taylor has never accepted representation by the AGO.  Further, it was undisputed that Ms. Taylor was not represented by any other counsel at the time Plaintiffs' counsel contacted her.  Therefore, the Court finds that Plaintiffs' counsel, in contacting Ms. Taylor, did not violate RPC 4.2.  Moreover, Plaintiffs' counsel did not violate RPC 4.3; it is clear from the email messages exchanged between Plaintiffs' counsel and Ms. Taylor that Plaintiffs' counsel identified themselves as representing the Plaintiffs in this case.  *See* Exhibit 1 to Plaintiffs' Response, docket #45-1.  Consequently, the Court will deny Defendants' request to sanction the Plaintiffs by striking documents filed in this litigation containing information provided to the Plaintiffs by Leslie Taylor, or barring the Plaintiffs from using such information provided by Ms. Taylor.

However, with respect to DORA personnel, Mr. Larsen and Mr. Harrellson, it appears that Plaintiffs' agent, Mr. Martinez, improperly made contact with a supervisor, Mr. Harrellson, asking

to discuss this litigation. Whether Plaintiffs' counsel knowingly assisted or induced Mr. Martinez to do so was not determined. Nevertheless, the Court grants, and has granted, Defendants' request to bar the Plaintiffs from further contact with Defendant Board members and/or DORA supervisory personnel by admonishing the Plaintiffs and their counsel, both at the hearing and in this order, to refrain from directly contacting such persons or from assisting or inducing another to contact such persons.

The Plaintiffs also seek to strike certain portions of Ms. Taylor's affidavit as containing confidential information protected by the attorney-client privilege or Colorado's open meeting laws. As the Court explained at the hearing, a request to "strike" such material is improper; rather, confidential information may be placed under restriction pursuant to a protective order and in accordance with this Court's local rules. Thus, defense counsel stated at the hearing that, to the extent the Defendants believe confidential information has been disclosed by the Plaintiffs, they will file a motion for protective order to identify and place such information under restriction pursuant to Fed. R. Civ. P. 26(c) and D.C. Colo. LCivR 7.2. Therefore, the Defendants' motion to "strike" in this regard is denied without prejudice.

### III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Strike Doc. Nos. 25, 26, 27, 28 and Exhibits Pursuant to Fed. R. Civ. P. 12(f) [filed April 20. 2012; docket #39] is **granted** in that the Plaintiffs and their counsel are ordered to refrain from directly contacting Defendant Board members and/or DORA supervisory personnel or from assisting or inducing another to contact such persons, is **denied without prejudice** with respect to Defendants' request concerning privileged confidential information provided by Leslie Taylor, and is **denied** in all other respects.

Entered and dated at Denver, Colorado, this 4th day of May, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge