IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03320-REB-MEH

PENELOPE THOME, and
DENNIS W. THOME,

       Plaintiffs,

v.

ALAN L. COOK, Chair of the Colorado Board of Licensed Professional Counselor Examiners, in
his individual and official capacities,
SUSAN L. GARCIA Vice Chair of the Colorado Board of Licensed Professional Counselor
Examiners, in her individual and official capacities,
STEPHEN G. SMITH, Member of the Colorado Board of Licensed Professional Counselor
Examiners, in his individual and official capacities,
SHERRY GILES, Member of the Colorado Board of Licensed Professional Counselor Examiners,
in her individual and official capacities,
CHARLES KNOECKEL, Member of the Colorado Board of Licensed Professional Counselor
Examiners, in his individual and official capacities,
JILL VITALE, Member of the Colorado Board of Licensed Professional Counselor Examiners, in
her individual and official capacities,
MARK MERRILL, Section Director for Alan Cook, Chair of the Colorado Board of Licensed
Professional Counselor Examiners, in his individual and official capacities,
CARLOTTE D. KNOX, Program Director of the Colorado Board of Licensed Professional
Counselor Examiners, in her individual and official capacities,
COLORADO DEPARTMENT OF REGULATORY AGENCIES,
BARBARA J. KELLY, Executive Director, Colorado Department of Regulatory Agencies, in her
individual and official capacities,
ROSEMARY MCCOOL, Director of the Division of Registration of the Colorado Department of
Regulatory Agencies, in her individual and official capacities,
COLORADO ATTORNEY GENERAL'S OFFICE, State of Colorado,
JOHN SUTHERS, Attorney General of the State of Colorado, in his individual and official
capacities, and
LAURIE ROTTERSMAN, Assistant Attorney General of the State of Colorado, in her individual
and official capacities,

       Defendants.

---

## ORDER ON MOTION TO AMEND COMPLAINT

---

Before the Court is Plaintiff's Motion to Amend Complaint [filed April 18, 2012; docket

#37].   The motion has been referred to this Court for disposition.  The matter is fully briefed, and

the Court finds that oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

## I.     Background

The Complaint in this case was filed on December 19, 2011.  On January 27, 2012, Defendants filed a Motion to Dismiss in lieu of an answer.  Thus, Plaintiff had until February 17, 2012 in which to file an amended complaint as a matter of course.  Fed. R. Civ. P. 15(a)(1)(B). Plaintiff filed her Amended Complaint on April 13, 2012 without leave of court.  Thereafter, Plaintiff filed the present motion seeking leave to file the Amended Complaint.

Plaintiff alleges that Defendants unlawfully and without factual base filed and prosecuted a disciplinary case against Plaintiff, who is a licensed professional counselor.  The State Board of Licensed Professional Counselor Examiners (the Board), through the Colorado Attorney General's Office (AG), initially brought five counts against Plaintiff.  An administrative law judge (ALJ) found in Plaintiff's favor on all five counts.  The Board adopted the ALJ's decision as to four counts, but Plaintiff alleges that the Board substituted a new Count 2 (the "Summary Record" rule, Board Rule 18(g)) and found Plaintiff to have violated this Rule.  After clarifying and amending its decision, the Board issued a letter of admonition to Plaintiff and notified the National Practitioner Data Bank and the Healthcare Integrity and Protection Data Bank of the letter.  Plaintiff appealed the Board's decision to the Colorado Court of Appeals.  Thereafter, while the appeal was pending, the Board issued a Clarified Board Order and increased the sanction against Plaintiff to one year probation.  The court of appeals ultimately vacated the Board's orders.  Plaintiff alleges numerous procedural and substantive irregularities in the Board's conduct during the entirety of the disciplinary proceeding, including the involvement of attorneys from the AG's office in investigating and formulating the charges against Plaintiff, in addition to ultimately prosecuting

them.

In the present Motion, Plaintiff adds factual allegations and drops Attorney General John Suthers and Colorado Department of Regulatory Agencies' (DORA) Executive Director, Barbara Kelly, from the lawsuit.  The Amended Complaint also drops as defendants the attorney general's office and DORA.  Plaintiff contends that she filed the Amended Complaint to satisfy the pleading standards of *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), including pleading the personal participation of the named Defendants.  Defendants contend that the Motion to Amend should be denied on the basis of futility, because even under the allegations in the Amended Complaint, the Defendants are entitled to absolute immunity.

## II.    Analysis

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  Rule 15 instructs courts to "freely give leave when justice so requires." *Id.*  Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend.  *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).   Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows

or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Defendants do not challenge the timeliness of Plaintiff's proposed amendments, and the Court finds that such addition is timely.  The motion is filed  before the April 20, 2012 deadline for amendment of pleadings set by the Court in this case.  Scheduling Order, ¶ 9(a), docket #18.

Moreover, the Court finds that Plaintiff's amendments are not unduly prejudicial.  Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)).  Here, the Defendants claim no prejudice resulting from the requested amendments and the Court perceives none, particularly where, as here, discovery has recently begun and trial has not been scheduled in this case.

The Court finds particularly instructive the Advisory Committee's comments concerning the 2009 Amendments to Rule 15: "This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12(b)] motion. A responsive motion may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments.  While the note focuses on the rule's allowance of amendment once as a matter of course, the committee specifically emphasizes the importance of allowing amendment to correct deficiencies in the pleading, which may be raised by a Rule 12(b) motion, and frame the issues to be decided.

With this in mind, the Court finds that it is not necessarily improper to amend a pleading

pursuant to Rule 15 to correct deficiencies in the pleading that are raised in a Rule 12(b) motion. Thus, proposed amendments that seek to clarify or explain facts asserted in an original complaint, or to add additional factual allegations concerning personal participation, are proper. The Court perceives no bad faith on the part of the Plaintiff in seeking to correct defects raised in the Defendants' pending motion to dismiss.

With respect to Defendants' futility argument, the Court agrees with Defendants that the Amended Complaint is too liberal in lumping all Defendants together in allegations of wrongdoing. However, Plaintiff has provided sufficient particularized factual allegations to meet the *Twombly* and *Iqbal* pleading standards. The Amended Complaint gives the dates of "closed session" Board meetings, the attendees (including Assistant Attorneys General), and the ultimate outcome of those meetings. The fact that the Amended Complaint does not actually allege the contents of each of those meetings is hardly surprising, in that only the Defendants were present, and Plaintiff does not have access to their conversations other than possibly through former Board member Leslie Taylor (a former Defendant who has been dropped in the Amended Complaint), whose memory (as represented in an affidavit filed with the Court) appears sketchy. Under the Supreme Court decisions cited above, district courts must "accept allegations of fact as true and draw reasonable inferences in favor of the plaintiff." *Gann v. Cline,* 519 F.3d 1090, 1092 (10th Cir. 2008). After reading the Amended Complaint, I believe that it states more than a "sheer possibility" that Defendants acted unlawfully, but that it is "plausible on its face." *Iqbal*, 556 U.S. at 678.

## III.    Conclusion

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a

proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits."

*Foman*, 371 U.S. at 182.  Here, the Court finds that Plaintiff's amendments are timely, will not

prejudice the Defendants and are not made in bad faith.  Moreover, the claims as stated do not

appear futile, even in the face of a claim of absolute immunity.  Accordingly, in the interests of

justice and efficiency, the Court **grants** Plaintiff's Motion to Amend Complaint [filed April 18,

2012; docket #37].  Defendants shall respond to the Second Amended Complaint in accordance with

Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 4th day of June, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge