IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03320-REB-MEH

PENELOPE THOME and
DENNIS W. THOME,

    Plaintiffs,

v.

ALAN L. COOK, Chair of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
SUSAN L. GARCIA Vice Chair of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
STEPHEN G. SMITH, Member of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
SHERRY GILES, Member of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
LESLIE TAYLOR, Member of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
CHARLES KNOECKEL, Member of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
JILL VITALE, Member of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
MARK MERRILL, Section Director for Alan Cook, Chair of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
CARLOTTE D. KNOX, Program Director of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
COLORADO DEPARTMENT OF REGULATORY AGENCIES,
BARBARA J. KELLY, Executive Director, Colorado Department of Regulatory Agencies, in her individual and official capacities,
ROSEMARY MCCOOL, Director of the Division of Registration of the Colorado Department of Regulatory Agencies, in her individual and official capacities,
COLORADO ATTORNEY GENERAL'S OFFICE, State of Colorado,
JOHN SUTHERS, Attorney General of the State of Colorado, in his individual and official capacities, and
LAURIE ROTTERSMAN, Assistant Attorney General of the State of Colorado, in her individual and official capacities,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on June 28, 2012.**

Plaintiffs' Motion to Lift Stay to Obtain Disclosure of Executive Session Minutes and Tape Recordings for *In Camera* Inspection Before the Court Rules on Defendants' Motion to Dismiss [filed May 9, 2012; docket #50] is **denied without prejudice**. Although the Plaintiffs argue that they should be permitted certain discovery to respond to arguments made by Defendants in their motion to dismiss, the Plaintiffs fail to explain why it is appropriate for the District Court to consider any evidence outside of the pleadings for its analysis of a Rule 12 motion. Here, Defendants brought their motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (*see* docket #10); however, the Plaintiffs fail to identify whether the discovery requested in the present motion is necessary for analysis of the Rule 12(b)(1) argument(s) or the Rule 12(b)(6) argument(s).[1] Moreover, while the Plaintiffs attached 134 pages of exhibits to their response to the motion to dismiss, they fail to explain whether such evidence outside of the pleadings is offered for response to 12(b)(1) or 12(b)(6) arguments (*see* docket #14)[2]; if offered for 12(b)(6) arguments, the District Court may be required to convert the motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, no such conversion has occurred and it is only speculation at this point as to whether the District Court will consider *any* evidence outside of the pleadings in its consideration of the pending motion to dismiss. Therefore, unless and until the Plaintiffs provide argument and legal support for the propriety of considering the requested discovery for analysis of the pending motion to dismiss, or until the District Court determines it appropriate to consider evidence outside of the pleadings in this matter, this Court will deny without prejudice the Plaintiffs' request.

---

[1] In the present motion, the Plaintiffs do cite to portions of the motion to dismiss and the reply in support of the motion to dismiss, in which Defendants appear to argue Defendants' lack of personal participation and Plaintiffs' alleged failure to state a claim. *See* docket #50 at 7-9.

[2] Notably, Plaintiffs cite only the legal standards governing Rule 12(b)(6) motions. Docket #14 at 1-2.