IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03320-REB-MEH

PENELOPE THOME, and
DENNIS W. THOME,

      Plaintiffs,

v.

ALAN L. COOK, Chair of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
SUSAN L. GARCIA Vice Chair of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
STEPHEN G. SMITH, Member of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
SHERRY GILES, Member of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
CHARLES KNOECKEL, Member of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
JILL VITALE, Member of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
MARK MERRILL, Section Director for Alan Cook, Chair of the Colorado Board of Licensed Professional Counselor Examiners, in his individual and official capacities,
CARLOTTE D. KNOX, Program Director of the Colorado Board of Licensed Professional Counselor Examiners, in her individual and official capacities,
COLORADO DEPARTMENT OF REGULATORY AGENCIES,
BARBARA J. KELLY, Executive Director, Colorado Department of Regulatory Agencies, in her individual and official capacities,
ROSEMARY MCCOOL, Director of the Division of Registration of the Colorado Department of Regulatory Agencies, in her individual and official capacities,
COLORADO ATTORNEY GENERAL'S OFFICE, State of Colorado,
JOHN SUTHERS, Attorney General of the State of Colorado, in his individual and official capacities, and
LAURIE ROTTERSMAN, Assistant Attorney General of the State of Colorado, in her individual and official capacities,

      Defendants.

---

## ORDER DENYING RECONSIDERATION

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiffs' Submission Related to this Court's June 28, 2012 Minute

Order [filed July 3. 2012; docket #68], which has been construed as a renewed motion to reconsider this Court's April 9, 2012 order granting a temporary stay of discovery.  The motion is referred to this Court for disposition.  (Docket #69.)  The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication.  For the reasons that follow, the Court **DENIES** the motion to reconsider.

The background and facts of this case have been stated in previous orders and, thus, need not be restated here.  In the present motion, the Plaintiffs contend that, due to "new" evidence procured from a witness whose information was not known at the time of the challenged order, the Court should lift the temporary stay of discovery and compel the production of certain information from Defendants for *in camera* review.

Motions for reconsideration of orders other than final judgments are not recognized by the federal rules of civil procedure.  However, this District has entertained motions to reconsider under certain circumstances; therefore, the Court will proceed to analyze whether reconsideration is appropriate here.

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such a motion is not an appropriate vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.; see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Here, Plaintiffs' motion refers to no "intervening change in controlling law" or "the need to correct clear error."  Thus, the motion is construed as seeking to demonstrate the availability of new evidence and/or to prevent manifest injustice.  Plaintiffs contend that evidence they have procured recently from Leslie Taylor, former member of the Colorado Board of Licensed Professional

Counselor Examiners, demonstrates that Defendants are not entitled to qualified immunity in this case and, as such, Defendants' immunity defense is not a proper basis upon which to impose a temporary stay of discovery.

The Plaintiffs do not persuade.  In the challenged order, this Court determined that "Plaintiffs' arguments concerning whether Defendants are entitled to immunity are inapplicable to the analysis herein, but are more appropriately asserted in response to the motion to dismiss." Docket #34.  It is not for this Court to determine whether the Defendants are entitled to the absolute and qualified immunity they seek.  Thus, any additional information the Plaintiffs may have discovered to defend a motion to dismiss does not alter this Court's finding that a temporary stay of discovery pending resolution of the immunity defenses is appropriate.

In fact, in the challenged order, the Court analyzed Defendants' motion to stay based (among other sources) upon *Rome v. Romero*, 255 F.R.D. 640 (D. Colo. 2004), the very case upon which the court in *Robillard v. Board of Cnty. Comm'rs*, No. 11-cv-03180-PAB-KMT, 2012 WL 694507, at *2 (D. Colo. Mar. 1, 2012) relies.  Plaintiffs depend heavily upon *Robillard* for their position that a stay of discovery is improper here where Plaintiffs assert several claims other than their constitutional claim(s) pursuant to 42 U.S.C. § 1983.  However, in *Robillard*, the plaintiff's primary claims were for three violations of the Fair Labor Standards Act; in addition, the plaintiff asserted a claim under the Colorado Wage Claim Act and a claim for violation of equal protection under the Fourteenth Amendment.  *Id.* at *1.  The court denied the defendant's motion to stay concluding that qualified immunity attached only to the individual defendants sued in their personal capacities for the equal protection claim, not to the entity defendants (against whom the primary claims were brought), and that the defendants' qualified immunity defense stated in a single paragraph, relegated to a footnote and asserted "in the alternative" was not "well-supported" as set forth in *Rome*.  *Id.* at *2.

3

Here, the Plaintiffs' first claim for relief is asserted pursuant to Section 1983 and their other claims are based upon the same or similar facts as the first claim. As such, the Defendants' absolute and qualified immunity defenses are the primary bases upon which they bring their motion to dismiss. Furthermore, unlike at the time the challenged order was issued, the Plaintiffs have since amended their complaint to omit any entity defendants, and all individual defendants are sued in their personal capacities. (First Amended Complaint, docket #35.) Plaintiffs seek money damages and they do not include a request for injunctive or declaratory relief in the Amended Complaint. (*See id.*, ¶ 6 and at 40-41.) Further, unlike in *Robillard*, the Defendants' pending motion to dismiss here (asserting both absolute and qualified immunities) could fully dispose of Plaintiffs' claims before engaging in the discovery process.

Therefore, the Court finds that the circumstances evaluated in *Rome* and *Robillard* are inapplicable to the case at hand. Because Defendants' motion to dismiss raises legal questions challenging this Courts jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. The Plaintiffs have failed to demonstrate the existence of manifest injustice or that the availability of new evidence justifies a reconsideration of this Court's April 9, 2012 order.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Submission Related to this Court's June 28, 2012 Minute Order [filed July 3. 2012; docket #68], construed as a renewed motion to reconsider this Court's April 9, 2012 order, is **denied**.

Entered and dated at Denver, Colorado, this 13th day of August, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge