IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03320-RM-MEH

PENELOPE THOME, and
DENNIS W. THOME,

    Plaintiffs,

v.

ALAN L. COOK, Chair of the Colorado Board of Licensed Professional Counselor Examiners, in his individual capacity,
SUSAN L. GARCIA Vice Chair of the Colorado Board of Licensed Professional Counselor Examiners, in her individual capacity,
STEPHEN G. SMITH, Member of the Colorado Board of Licensed Professional Counselor Examiners, in his individual capacity,
SHERRY GILES, Member of the Colorado Board of Licensed Professional Counselor Examiners, in her individual capacity,
CHARLES KNOECKEL, Member of the Colorado Board of Licensed Professional Counselor Examiners, in his individual capacity,
JILL VITALE, Member of the Colorado Board of Licensed Professional Counselor Examiners, in her individual capacity,
MARK MERRILL, Section Director for Alan Cook, Chair of the Colorado Board of Licensed Professional Counselor Examiners, in his individual capacity,
CARLOTTA D. KNOX, Program Director of the Colorado Board of Licensed Professional Counselor Examiners, in her individual capacity,
ROSEMARY MCCOOL, Director of the Division of Registration of the Colorado Department of Regulatory Agencies, in her individual capacity, and
LAURIE ROTTERSMAN, Assistant Attorney General of the State of Colorado, in her individual capacity,

    Defendants.

## ORDER GRANTING STAY OF DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendants' Second Motion to Stay Discovery Pending Determination of Absolute and Qualified Immunities [filed May 23. 2013; docket #94]. The motion is referred to this Court for disposition. (Docket #96.) The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court

**GRANTS** the motion to stay discovery.

**I.       Background**

Plaintiffs originally brought this action pursuant to 42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments to the United States Constitution and pursuant to state law. (Docket #1 at 2.)  The Defendants responded to Plaintiffs' Complaint with a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) claiming, among other defenses, entitlement to Eleventh Amendment, absolute and qualified immunities.  (*See* docket #10).  Thereafter, Plaintiffs filed an Amended Complaint as a matter of course; pursuant to Fed. R. Civ. P. 15(a), the Court ordered Plaintiffs to file a motion seeking leave to amend.  (Dockets ##35, 36.)  After briefing, this Court granted Plaintiffs' motion.  (Docket #61.)  The District Court then rendered the original motion to dismiss moot, and Defendants responded to the Amended Complaint by filing another motion to dismiss.  (Docket #64.)

On March 19, 2013, the District Court granted Defendants' motion to dismiss the Amended Complaint, but permitted the Plaintiffs to file a Second Amended Complaint "to re-plead the claims dismissed without prejudice" - that is, "all claims asserted by the plaintiffs based on the tender of the letter of admonition to the National Practitioner Data Bank and the Healthcare Integrity and Protection Data Bank."  (Order, docket #80 at 16-17.)  Plaintiffs timely filed a Second Amended Complaint on April 8, 2013 (docket #82), and the Defendants responded by filing a motion to dismiss the Second Amended Complaint based upon absolute and qualified immunities on May 23, 2013 (docket #92).  That same day, the Defendants filed the present motion requesting that discovery be stayed pending resolution of the immunity defenses stated in their pending motion to dismiss.

**II.      Discussion**

The Supreme Court established that evaluating the defense of qualified immunity is a

threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same).  However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643.  Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id.* at 643-44.

Here, the individual Defendants assert their entitlement to absolute and qualified immunities in the pending motion to dismiss.  Plaintiffs allege no claims against any entity, and sue each of the Defendants in their individual capacities.  In addition, Plaintiffs seek money damages and they do not include a request for injunctive relief in the Complaint.  (*See* Second Amended Complaint, docket #82 at 51-52.)  Although the case was filed in December 2011, the case itself is still in the early stages of litigation; due to a previous stay, the parties have yet to engage in discovery. Furthermore, Defendants responded to Plaintiffs' Second Amended Complaint with a motion to dismiss that could fully dispose of Plaintiffs' claims.[1]

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket.  *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American*

---

[1] In fact, the District Court granted the Defendants' prior motion to dismiss based upon absolute and qualified immunities, but allowed Plaintiffs to re-plead their claims based only on the tender of a letter of admonition, since the record was "not sufficiently detailed to make a determination of whether this action falls within the ambit of judicial or prosecutorial immunity." (Order, docket #80 at 13.)

*Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question)*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

Considering the Defendants' filing of a motion to dismiss premised on immunity defenses challenging the jurisdiction of this court, and that Plaintiff filed the action against individuals for money damages only, the Court finds that the circumstances evaluated in *Rome* are inapplicable to the case at hand. Because Defendants' motion to dismiss raises legal questions challenging this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534.

Plaintiffs' arguments concerning allowing additional "limited" discovery[2] of the "Executive Session Minutes and Tape Recordings" are not persuasive. The Plaintiffs have sought disclosure of these recordings since early in the case. However, the scope of the case has changed with the District Court's order granting the motion to dismiss and the Plaintiffs' filing of the Second Amended Complaint. Importantly, the Plaintiffs fail to overcome the presumption in favor of staying discovery pending determination of qualified immunity by failing to explain how any additional discovery of such recordings relates to their claims alleging Defendants' tender of a letter

---

[2]On May 9, 2013, this Court granted Plaintiffs leave to conduct a Rule 30(b)(6) deposition within 30 days "on the issue of the existence of meeting minutes and tapes only." (Docket #88.) Notably, the Plaintiffs here do not inform the Court whether such deposition took place and, if it did, which meeting minutes and tapes exist that may be relevant to the tender of the letter of admonition.

4

of admonition to the National Practitioner Data Bank and the Healthcare Integrity and Protection Data Bank. Merely stating that "[t]he audiotapes and/or other recordings of the March 19, 2010 meeting, and the audiotapes and/or other recordings of previous and subsequent meetings in 2009 and 2010, are at the heart of this controversy" is insufficient.[3]

Therefore, in light of the governing case law, the Court concludes that a temporary stay of discovery as to all Defendants is appropriate in this matter, pending resolution of the Defendants' motion to dismiss.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Second Motion to Stay Discovery Pending Determination of Absolute and Qualified Immunities [filed May 23. 2013; docket #94] is **granted**.[4] Discovery as to all Defendants is stayed temporarily pending resolution of the motion to dismiss. The parties shall file a status report within *three business days* of receiving a ruling on the motion to dismiss, indicating what scheduling, if any, is needed.

Entered and dated at Denver, Colorado, this 25th day of June, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3]This Court is not required to scour the record in search of support for counsel's arguments, particularly where, as here, the Complaint is 53 pages in length. *See SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (finding no obligation of the court to "sift through" the record in search of evidence to support a party's claims).

[4]Plaintiffs request that the Court "include within its denial (sic) a statement that Plaintiffs can petition the Denver District Court for the audiotapes and/or other recordings, which is permitted under Colorado law." (Response, docket #100 at 2.) However, the local rules of this Court do not permit parties to seek relief from the Court in a response to a motion. D.C. Colo. LCivR 7.1C.