**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Case No. 11-cv-03320-RM-MEH

PENELOPE THOME, and
DENNIS W. THOME,

    Plaintiffs,

v.

ALAN L. COOK, *et al.*,

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Defendants' Motion to Dismiss Second Amended Complaint Based on Absolute and Qualified Immunity (ECF No. 92) (the "Motion to Dismiss"), filed May 23, 2013.  Also before the Court is Plaintiffs' Motion for Reconsideration (ECF No. 81) and Plaintiffs' Motion to Expedite Trial Date (ECF No. 110).  As discussed herein, the Motion to Dismiss is GRANTED; and Plaintiffs' Motion for Reconsideration and Motion to Expedite are each DENIED.

    **I.   BACKGROUND**

        **A.  Jurisdiction and Legal Standard**

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1367 (supplemental).

The instant Motion to Dismiss raises issues under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  A motion to dismiss under 12(b)(1) may consist either of a facial or factual attack on

the complaint. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Because Defendants' motion presents a facial attack, I must accept the allegations of the complaint as true. *Id*.

In considering a motion under Rule 12(b)(6), a court must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). All well-pleaded allegations of the Complaint must be accepted as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992 (10th Cir. 2002). Mere conclusory statements or legal conclusions masquerading as factual contentions will not suffice to defeat a motion to dismiss. *See also Ruiz v. McDonnell*, 299 F.3d 1172, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true.").

A court must review the Complaint to determine whether it "contains enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

### B. Facts and Procedural History

#### *i. General Background*

Penelope Thome[1] brings this suit seeking damages for alleged violation of her rights under the U.S. Constitution, federal law, and Colorado law. Ms. Thome is a 72-year old woman who resides in Arvada, Colorado and is licensed to practice as a professional counselor ("LPC") in the state of Colorado. (Second Amended Complaint at 5.) Ms. Thome has over ten years of experience in her field, and has focused on "children who were victims of severe abuse and neglect." (*Id*.) Prior to the incident described herein, Ms. Thome had never been disciplined or sanctioned in regards to her therapy practice. (*Id*.)

The Colorado Board of Licensed Professional Counselor Examiners (the "Board") is an entity which is supervised and directed by the Colorado Department of Regulatory Agencies, organized under the laws of the State of Colorado. (*Id*.) Defendant Alan L. Cook was, and is currently, the Chair of the Board. (*Id*.) Defendant Susan L. Garcia was, and is currently, the Vice Chair of the Board, and Defendants Stephen G. Smith, Sherry Giles, Charles Knoeckel and Jill Vitale are members of the Board. (*Id*. at 6.) Defendant Mark Merrill was, and is currently, a Section Director for the Division of Registrations of the Health Services Section. (*Id*.) Defendant Carlotta D. Knox was the Program Director of the Board. (*Id*.) Defendant Rosemary McCool was the Director of the Division of Registrations, Colorado Department of Regulatory Agencies. (*Id*. at 7.) Defendant Laurie Rottersman was, and is currently, an Assistant Attorney General of the State of Colorado. (*Id*.)

---

[1] Plaintiff Dennis W. Thome, husband of Plaintiff Penelope Thome, alleges that he has suffered loss of consortium and related damages "[a]s a result of Defendants' actions in publishing a knowingly false letter to the federal data banks." (ECF No. 82 at 40.)

In February of 2007, Ms. Thome began counseling a three-year old at the request of the child's mother. (*Id*. at 9.) The child's mother and father were never married, but shared joint custody of the child. (*Id*.) On February 27, 2007, the first visit, the mother completed an intake form and signed a disclosure statement. (*Id*.) Ms. Thome conducted three "play therapy" assessment sessions with the child, and spoke with the child's mother regarding the mother's belief that "the Child was not doing well under Father's care." (*Id*. at 10.) On May 16, 2007, the father contacted Ms. Thome and "confronted her with his belief that [she had] accused him of child abuse," which Ms. Thome denied "and supplied the Father, as she had done previously with the mother, with a general summary" of her assessments. (*Id*.) The mother later told Ms. Thome that the father would not give consent for any further assessments or therapy. "On June 8, 2007, after consulting with an expert in Family Systems Therapy, [Ms. Thome] decided to report Father's behavior to the Department of Human Services, Child Protection Unit." (*Id*.) The father subsequently filed complaints against Ms. Thome with the Board. (*Id*. at 11.)

On May 15, 2008, the Board filed formal charges against Ms. Thome. (*Id*.) The Board alleged five violations of applicable standards and requirements: 1) that Ms. Thome's practice was substandard and that she failed to take into account pertinent information; 2) that Ms. Thome failed to make mandatory disclosures about the child to the father; 3) that Play Therapy and the assessment of child sexual abuse were beyond Ms. Thome's experience or competence; 4) that Ms. Thome failed to make appropriate referrals; and 5) that although Ms. Thome did report the father to social services, she did not do so soon enough. (*Id*.)

In September 2009, a court-ordered mediation was conducted, but the matter was not resolved. (*Id*.) Defendant Garcia attended the mediation as the Board-appointed Special

Representative. (*Id*.)  In late October and early November 2009, a hearing was held before an Administrative Law Judge (the "ALJ"). (*Id*. at 12.)  On December 14, 2009, the ALJ issued a decision finding that none of the charges against Ms. Thome was supported by the evidence, and advising the Board that no disciplinary action should be taken against Ms. Thome. (*Id*. at 15.) The Board filed exceptions, stating that all five alleged violations were supported by the evidence.  (*Id*.)

On March 19, 2010, the Board heard arguments on these issues.  (*Id*.)  Ms. Thome alleges that Defendant Garcia (who was restricted from participating by Board rules and Colorado law), Defendant Rottersdam, and Defendant McCool each "personally participated" in the deliberations and ultimate vote. (*Id*. at 16.)

The Board had a 10 day internal rule for sending out an order following deliberations. On June 10, 2010, the Board issued an order, which was dated March 29, 2010.  In the order, the Board affirmed and adopted the conclusions of law of the ALG concerning counts 1, 3, 4, and 5. The Board substituted a new Count 2, citing a violation of Board Rule 18(g), which Ms. Thome alleges was "never charged nor was she given notice the Board intended to charge her with such a violation." (*Id*. at 18.)  Rule 18(g), according to the Board, requires practitioners to supply parents with a "summary record" of the child's therapy upon request. (*Id*. at 22.)  According to Ms. Thome, that rule is definitional only, and further, "Ms. Thome did supply the [f]ather with a summary of the child's therapy, which she testified to, and yet the Board still falsely stated she did not in the [letter of admonition] reported to the federal data banks." (*Id*.)

The order also, according to the Second Amended Complaint, "declared certain matters to have been stipulated by the parties, which was false," and called for the issuance of a letter of

5

admonition. (*Id*. at 19.) On June 11, 2010, the Board, along with Defendants Mark Merrill, Carlotta Knox, and Laurie Rottersdam, met again to discuss Ms. Thome's case. After this session, the Board filed a Motion for Clarification and Amendment of the Final Board Order, which "clarified" that Ms. Thome had not stipulated to a letter of admonition. The amendment also stated that "since 70 days had passed between when the Final Order was signed, supposedly March 29, 2010, and when it was served, June 10, 2010, that the later date was appropriate for legal purposes." (*Id*. at 21.) Ms. Thome filed a Notice of Appeal of the Board's decision with the Colorado Court of Appeals on July 6, 2010. On February 23, 2012, the Colorado Court of Appeals issued an opinion reversing the Board and remanding the case to the Board with instructions to take whatever action was necessary to adhere to the court's ruling.

On July 7, 2010, the Board tendered a letter of admonition to the National Data Bank and the Healthcare Integrity and Protection Data Bank (collectively, the "data banks"). The letter stated:

> Penelope Thome violated Rule 18 (g) when she failed to supply the father with a summary record of his child's therapy after he asked for information pertaining to that therapy. Upon father's request, Ms. Thome had a clear duty to supply the father of this child with information pertaining to the therapy being rendered…. Ms. Thome is subject to discipline for this violation.

(*Id*. at 22.) Under 45 CFR § 60.5, a reporting entity must submit a report to the National Practitioners Data Bank within thirty days of any negative action or findings by a peer review organization or private accreditation entity.

In March of 2012, Ms. Thome received word that the Board had dismissed the complaint against her due to "insufficient grounds to warrant the commencement of formal disciplinary

proceedings as required by the provisions of Colorado law." (ECF No. 82-2 at 17.) The letter of admonition was voided in March of 2012. (*Id*. at 37.)

### ii. The Prior Order

Prior to the instant Motion to Dismiss, a similar motion (ECF No. 64) was filed with respect to the First Amended Complaint. The First Amended Complaint was based on the same general background as set forth above. That motion was decided by U.S. District Court Judge Robert E. Blackburn. By Order dated March 19, 2013 (the "Prior Order"), Judge Blackburn granted the earlier motion.

In the Prior Order, Judge Blackburn concluded that "[t]he broad protections of judicial and prosecutorial immunity shield the defendants from the claims of the plaintiffs based on actions taken by the defendants in the course of the disciplinary proceedings against Ms. Thome. The only alleged action by the defendants that might fall outside the ken of these broad immunities is the tender of the letter of admonition to the data banks." Judge Blackburn ruled that "all claims asserted by the plaintiffs based on actions taken by the defendants in the course of the administrative disciplinary proceedings by the Board concerning [Ms. Thome's] license to practice…and during Ms. Thome's appeal…are DISMISSED with prejudice." However, Judge Blackburn dismissed without prejudice "all claims asserted by the plaintiffs based on the tender of the letter of admonition to the [data banks]." (ECF No. 80 at 16-17.) Judge Blackburn found that the record before him was "not sufficiently detailed to make a determination of whether this action falls within the ambit of judicial and prosecutorial immunity." (*Id*. at 13.) Specifically, Judge Blackburn noted that judicial and prosecutorial immunities which were the basis of dismissal might not apply "if the tender was not mandated legally…" (*Id*. at 9.)

As it pertained to the tender to the data banks, Judge Blackburn considered the Colorado Governmental Immunity Act (the "CGIA") and the associated specific pleading requirements of C.R.S. § 24-10-110. He found that the First Amended Complaint was deficient in that it described "the actions and motivations of the defendants as a group" rather than with the specificity required by the CGIA, *Twombly*, 550 U.S. at 556, and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Accordingly, Judge Blackburn dismissed the First Amended Complaint as described above. Judge Blackburn also affixed a deadline by which Plaintiffs had to re-plead the claims dismissed without prejudice, and Plaintiffs responded by filing the Second Amended Complaint. Plaintiffs also filed a Motion for Reconsideration of the Prior Order. (ECF No. 81.) Defendants filed the instant Motion to Dismiss on May 23, 2013. (ECF No. 92.) Plaintiffs filed a Motion to Expedite Trial Date on October 3, 2013. (ECF No. 110.)

### iii. The Structure of the Second Amended Complaint

Rather than restricting its focus to the matters dismissed without prejudice, the Second Amended Complaint largely re-alleged the allegations of the First Amended Complaint, seasoned those prior allegations with allegations of submitting a false report to the data banks, (*e.g.*, ECF No. 82 at ¶¶ 101, 111, 125), and blended in legal argument and authority (*e.g.*, *id.* at ¶¶ 121-124).

In the Second Amended Complaint, Plaintiffs set forth eight claims for relief. (ECF No. 82.) The first, under 42 U.S.C. § 1983, incorporates all of the matters previously dismissed and adds that Ms. Thome's constitutional rights were violated when "Defendants, acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard of the evidence

and the truth, reported Ms. Thome to the federal data banks without any basis whatsoever." (ECF No. 82 at 42.)  The second alleges that Defedants' actions violated the provisions of the Health Care Quality Improvement Act and the Social Security Act.  The third and fourth allege extreme and outrageous conduct, and fraud, respectively.  The fifth alleges a "civil conspiracy" to commit unlawful acts "to accomplish the unlawful goal of sanctioning Plaintiff's professional licensure at all costs."  (*Id*. at 48.)  The sixth alleges libel.  The seventh alleges intentional infliction of emotional distress, and the eighth and final claim for relief alleges loss of consortium as noted above by Dennis Thome.  Apart from the second and seventh claims, the claims are largely as set forth in the First Amended Complaint, albeit with added references to filing a false claim with the data banks.

## II. MOTION TO DISMISS

The Prior Order contained a full recitation of the applicable law on judicial immunity, prosecutorial immunity, and other immunities that the Defendants have asserted, which this Court will not fully repeat herein.  (*See* ECF No. 80 at 6-16.)  The only claims that are still at issue after the Prior Order were those based on the tender of the letter of admonition to the data banks.  (ECF No. 80 at 16 ("The broad protections of judicial and prosecutorial immunity shield the defendants from the claims of the plaintiffs based on actions taken by the defendants in the course of the disciplinary proceedings against Ms. Thome.  The only alleged action by the defendants that **might fall outside the ken of these broad immunities** is the tender of the letter of admonition to the data banks.") (emphasis added).)

Unfortunately, the Second Amended Complaint does not conform to the limited scope of matters dismissed "without prejudice" in the Prior Order.  Indeed, in addition to the matters

referenced above, the Second Amended Complaint also contains allegations which seem designed to challenge the conclusions reached in the Prior Order. For example, the Second Amended Complaint alleges that "[s]ubmitting LOA's to the National Practitioner Data Bank is a function of Defendants' administrative role and not quasi-judicial in any manner." (ECF No. 82 at ¶ 133.)

I do not construe the Prior Order as permitting Plaintiffs a "do over." Nor do I construe it as an order with consequences that can be avoided simply by including previously decided matters within the Second Amended Complaint. To avoid any confusion, I adopt the Prior Order and apply it to the Second Amended Complaint such that the only open issue is whether the tender of the letter of admonition to the data banks is within or outside the scope of the broad immunities found by the Prior Order.

Defendants argue that the Board and Department of Regulatory Agencies defendants "are entitled to the protections of quasi-judicial immunity with respect to all allegations of conduct related to the tender [of the letter of admonition to the data banks]" and that Defendant Rottersman "cannot be sued for her alleged role in tendering the [letter of admonition], pursuant to the doctrine of prosecutorial immunity." (ECF No. 92 at 5.) Further, they argue, "Plaintiff has failed to allege personal participation against the individual defendants or to parse out the specific conduct of each defendant, which is contrary to federal pleading standards." (*Id*. at 6.)

In response, Ms. Thome argues that since the letter of admonition was based on "fabricated" charges, was the result of an "informal sham process," and was submitted late, to boot, it constitutes conduct that cannot be considered to be mandated by law or protected by quasi-judicial immunity. (ECF No. 105 at 7-10.) As to the personal participation argument, Ms.

Thome asserts that at this stage in the litigation, she has been as specific as possible, and that "[n]o Defendant denies involvement in Ms. Thome's investigation or the decision to sanction her professional license." (*Id.* at 3.) I will take each of these issues in turn.

The Prior Order stated that "one action allegedly taken by the Board does not necessarily fall within the scope of judicial or prosecutorial immunity…For the purpose of resolving this motion to dismiss, I assume, without deciding, that if the tender was not mandated legally then the tender falls outside of the Board's judicial and prosecutorial immunities." (ECF No. 80 at 9.) This Court need not reach the question of whether that assumption was correct, because as both the Defendants' briefing and the Plaintiffs' own Amended Complaint make clear, the tender *was* mandated legally. Pursuant to Section 1921 of the Social Security Act, information about adverse actions taken by state licensing authorities against health care practitioners and providers must be reported to federal data banks. 42 U.S.C. § 1396r-2; 45 C.F.R. § 60.5. The tender of the letter of admonition, erroneous as its contents may have been, was legally mandated and intertwined with the adjudication process. Defendants are therefore entitled to immunity from suit based on this conduct.

Ms. Thome does not disagree that this reporting requirement is mandated by law, but rather argues that since the letter was "untimely, no reporting was necessary." (ECF No. 105 at 7 ("In its [Prior] Order, the Court inquired as to whether the Board 'was obligated to report its letter of admonition to these data banks.' Under 45 CFR § 60.5, a reporting entity must submit a report to the National Practitioners Data Bank within 30 days following the action to be reported.").)

This Court is unaware of any cases, and Plaintiffs' briefing cites none, putting forth the proposition that missing a reporting deadline renders the reporting extra-legal and therefore nullifies an otherwise applicable immunity. This argument is unavailing. Even accepting Plaintiffs' contention in the Second Amended Complaint that Defendants' missed their 30-day deadline to report to the data banks, it does not follow that their obligation to report disappeared at the close of the deadline, or that reporting late made that act no longer mandated, and no longer a part of the proceeding. Similarly, Ms. Thome's argument that federal law requires the reporting to be part of a "formal proceeding," and this was a "sham informal proceeding," is unsupportable. (*Id*. at 7-8.) As her own briefing indicates, a formal proceeding as defined by 45 C.F.R. § 60.3 is "a proceeding held before a State licensing or certification authority, peer review organization, or private accreditation entity that maintains defined rules, policies or procedures for such a proceeding." (*Id*.) By this definition, the process that the Board conducted was clearly a formal proceeding. Even assuming Ms. Thome's assertions are correct, and that the Board violated their own rules, that fact merely serves to highlight that the proceedings were formal, with defined rules. In other words, the mere violation of internal rules does not render a proceeding "informal," and does not obviate the reporting requirement under federal law.

Further, the Second Amended Complaint still fails to [adequately allege] wilful and wanton conduct. In the Prior Order, the Court noted that Plaintiffs' allegations in this regard tended to "describe the motivations of defendants as a group, rather than describing the actions and motivations of specific defendants." (ECF No. 80 at 15.) This pleading practice was held inadequate under the standards established in *Twombly*, 550 U.S. at 556, *Iqbal*, 556 U.S. 662, and C.R.S. § 24-10-110(5)(a). And this deficiency is what led to the dismissal without prejudice

of the First Amended Complaint pursuant to the CGIA as Plaintiffs' pleadings were not "sufficiently specific to plead wilful and wanton action by any one or more of the defendants." (ECF No. 80 at 15.)

The Second Amended Complaint, which was to address the only claims left open by the Prior Order and thus be focused on the tender of the letter of admonition, alleged personal participation on the part of all Defendants' in a general and conclusory manner, but did not provide specific factual allegations on a Defendant-by-Defendant basis.  By way of example, Plaintiffs allege that "Rottersdam and the Board tendered an LOA to the [data banks]."  (ECF No. 82 at 22.)  The Second Amended Complaint then quotes from the letter, and says that it was "false" and "Defendants had actual knowledge it was false." (*Id.*)  This Court does not believe the general conclusory allegations contained within the Second Amended Complaint to be legally sufficient.  Alleging that the Defendants as a unit participated in submitting the letter and they collectively knew it to be false does not meet the pleading requirements brought to Plaintiffs' attention in the Prior Order.  Accordingly, this stands as an independent basis for dismissal.

Finally, Plaintiffs have expended considerable effort in the Second Amended Complaint and other pleadings to making an argument which the Court readily dismisses.  In short, Plaintiffs argue that the federal statutes and regulations which require data bank reporting generally insulate from civil liability one who submits a report to the data banks, except where the person making the report acts with knowledge of the falsity of the report. *See* 42 U.S.C. § 1396 r-2(f).  With respect to this argument, the Court notes that its ruling herein is not predicated on any "immunity" conferred by the federal statutes and regulations, but rather on the

independent and pre-existing judicial, prosecutorial and governmental immunities described in the Prior Order.

### III. MOTION FOR RECONSIDERATION

Plaintiffs' Motion for Reconsideration argues that the legal basis upon which the previous Order relied should be reconsidered, because, amongst other reasons, it is "incorrect" that *Horwitz v. State Bd. Of Med. Examiners of State of Colo.*, 822 F.2d 1508 (10th Cir. 1987), "is directly analogous to the administrative proceedings against Ms. Thome." (ECF No. 81 at 2.) In this Circuit, grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The present Motion for Reconsideration fails to meet any of these standards. Instead, it simply reargues issues that were already raised, fully briefed, and considered in the Prior Order. The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. *Id*. Plaintiffs' Motion does not attempt to argue that there was new evidence previously unavailable, rather, that the "legal grounds upon which this Court based its Order…should be re-considered." (ECF No. 81 at 2.)

In *Horwitz*, in Plaintiffs own words, "Dr. Horwitz filed his § 1983 case against the Board of Medical Examiners because after the hearing officer's conclusion that his license be reinstated, the Board of Medical Examiners decided to sanction Dr. Horwitz with one-year probation on the same allegations alleged to the hearing officer." (*Id*. at 3.) The fact that the Board in that case, did not create an additional charge when departing from the hearing officer's recommendation does not render *Horwitz* inapposite. (*Id*.) There, the Board made independent

findings, and ended up recommending a harsher sanction, and still, the court held that the Board "was entitled to absolute immunity based upon its function being judicial nature." (*Id.*) The Court's reliance on *Horwitz* was not erroneous. Further, as stated above, nothing in Plaintiffs' Motion for Reconsideration suggests that there has been any intervening *change* in the law that should make this Court reconsider the Prior Order, nor have any alternate permissible grounds for moving for reconsideration been stated.

### IV. MOTION TO EXPEDITE

In light of the other rulings herein, the Motion to Expedite the trial related to this matter is denied as moot.

### V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Dismiss Second Amended Complaint (ECF No. 92) is GRANTED;

2. The Second Amended Complaint (ECF No. 82) is DISMISSED WITH PREJUDICE;

3. The Motion for Reconsideration (ECF No. 81) is DENIED;

4. The Motion for Expedited Trial Date (ECF No. 110) is DENIED as moot;

5. The Clerk shall enter judgment in favor of Defendants on all claims.

DATED this 22nd day of April, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge